IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VIRGIL LAMONT JARVIS, # 115718**                               **PLAINTIFF**

**V.**                      **CAUSE NO. 5:11CV109-DCB-RHW**

**CHRIS EPPS, JACK GARNER,
JACQUELYN BANKS, MARY GROOM,
and CHIEF JACKSON**                                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

BEFORE THE COURT are *pro se* Plaintiff Virgil Lamont Jarvis's Complaint [1] and amended complaint [5]. He is incarcerated with the Mississippi Department of Corrections and brings this action arising out of alleged false testimony during disciplinary proceedings. The Court has considered and liberally construed the pleadings. As set forth below, the Court holds the case should be dismissed.

### FACTS AND PROCEDURAL HISTORY

On July 22, 2011, Plaintiff filed the instant action. He is currently housed at the Wilkinson County Correctional Facility. He alleges that on April 7, 2011, correctional counselor Defendant Mary Groom conducted a search of his cell and found a cell phone charger. She filed a Rule Violation Report ("RVR") stating that Plaintiff admitted the charger was his. Plaintiff denies that he ever made such an admission and accuses Defendant Groom of knowingly fabricating it. Plaintiff further alleges "an RVR of that magnatuide [sic] placed my future release date in a very substantial risk of danger." (Compl. at 5). Defendant Chief Jackson was a witness to the incident and, according to Plaintiff, Defendant Jackson also reported the admission. Plaintiff was found guilty of the rule violation. Because Defendants Groom and Jackson

allegedly later admitted the accusation was false, the Disciplinary Hearing Officer never entered the violation against Plaintiff.  As a result, he was never punished.

Plaintiff claims Defendants Groom and Jackson violated Plaintiff's right against cruel and unusual punishment as well as his right to due process.  Plaintiff maintains the remaining Defendants are vicariously liable.  He seeks compensatory and punitive damages for the resulting alleged emotional and constitutional injuries.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  The Court has permitted Jarvis to proceed *in forma pauperis* in this action.  His Complaint is subject to *sua sponte* dismissal under Section 1915.

SECTION 1983

Plaintiff brings claims under 42 U.S.C. 1983 for Eighth Amendment and procedural due process violations.

## I. DEFENDANTS EPPS, GARNER, AND BANKS

Plaintiff claims Defendants Epps, Garner, and Banks are liable for the alleged constitutional violations solely because Defendant Groom is their employee. Plaintiff complains of no act or omission from Defendants Epps, Garner, or Banks. "There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). The supervisor must either be personally involved in the violation or otherwise have caused the violation. *Id.* Therefore, Plaintiff fails to state a claim against these three Defendants under Section 1983.

## II. DEFENDANTS GROOM AND JACKSON

Plaintiff accuses Defendants Groom and Jackson of fabricating evidence in an RVR. Plaintiff complains the charge would have cost him loss of credits toward his sentence. However, because of the intervention of the Disciplinary Hearing Officer, Plaintiff was never punished as a result.

There "is no freestanding constitutional right" to be free from false charges. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Although, the knowing use of fabricated evidence may violate procedural due process or other constitutional rights. *Id.* at 953-54, 958. Plaintiff's procedural due process claim fails, because he alleges Defendants Groom and Jackson's actions did not, in fact, affect the duration of Plaintiff's sentence, nor was he otherwise punished. *Sandin v. Conner*, 515 U.S. 472, 487 (1995); *Taylor v. Carlize*, 172 F. App'x 589, 591 (5th Cir. Mar. 27, 2006) ("[s]ince Taylor does not assert that he was restrained in any way due to

this RVR and since he concedes that he was found not guilty at a hearing concerning the RVR, he has not asserted a constitutional deprivation.") Because Plaintiff was not punished, his cruel and unusual punishment claim likewise fails.

Plaintiff fails to state a claims under Section 1983 upon which relief can be granted. The Section 1983 claims will therefore be dismissed, and these dismissals count as a strike pursuant to 28 U.S.C. 1915(g).

<u>STATE LAW CLAIMS</u>

To the extent Plaintiff asserts state law claims, they invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the Section 1983 claims, it declines jurisdiction over the state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, *pro se* Plaintiff Virgil Lamont Jarvis's Section 1983 claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a strike pursuant to 28 U.S.C. 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that any state law claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. 1367(c)(3). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the   27th   day of December, 2011.

                                              s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE